Fraser *v.* Child.

---

ALEXANDER FRASER *v.* WILLIAM T. CHILD.

Where a judgment of one of the lower courts is reversed on appeal; *quære,* whether this court has the power to go further than a mere reversal, and give the judgment which should have been awarded below?

THE plaintiff brought his action in the Marine Court, where the defendant recovered judgment. An appeal having been prosecuted to this court, opinions were filed here to the effect that the judgment below was erroneous, and that the plaintiff was entitled to the recovery sought by him, together with costs. (See *ante,* p 153.) The decision was endorsed upon the papers in these words: "Judgment reversed, with costs."

The plaintiff applied to the clerk to enter a judgment for his claim, which was refused. He then moved, at a general term, that the endorsement upon the papers be amended, by adding the words, " and judgment ordered in favor of the plaintiff, for the amount claimed, with interest and costs," and that the clerk of this court " be directed to enter judgment in favor of the plaintiff, against the defendant, for his said claim, namely, $241 68, with interest thereon from October 20, 1853, together with the plaintiff's costs in the court below, and the costs of the appeal."

The power of this court to grant the motion was not called in question on the argument.

*E. Delafield Smith*, for the plaintiff.

*John* and *George W. Cook*, for the defendant.

By THE COURT. INGRAHAM, FIRST J.—Upon examining the provisions of the Code as to the judgment to be rendered on appeal by this court, (§ 366,) we entertain so much doubt as to the power of the court to order a judgment, other than a mere reversal, in any case in favor of the appellant, such as ought to have been rendered by the court below, that we feel constrained to deny this motion. In the case of *Easton* v. *Smith*, 1 E. D. Smith, 318, such a judgment was rendered, but the point was not argued before us.

If the plaintiff in this case prefers a re-argument of his motion on this point, as it has not been referred to on the points of either counsel, he may do so at the next term, on notice to the opposite party. Upon the merits, we think the motion should be granted, if the Code authorizes it.

DALY, J., concurred.

WOODRUFF, J., held, that when it was clear that, as matter of law, the plaintiff was entitled to judgment, and that a new trial could not change the case, the motion should be granted,

and the amendment be ordered, so as to direct the entry of a judgment for the plaintiff for the amount claimed, with costs of appeal and costs of the court below.

Motion denied, without costs. (a)

---

(a) The motion was not renewed. Another suit was instituted by the plaintiff in the court below, and a judgment for the amount claimed was recovered, which this court afterwards affirmed upon an appeal taken by the defendant. The court has since held, peremptorily, that in such cases a simple reversal is all that can be adjudged, and that the party must, therefore, be left to a new action.—REP.